IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES A. WOLFE, II, #41808-044, | |
| Plaintiff, | Case No. 21-cv-01471-SPM |
| v. | |
| DAN SPROUL, E. HARBISON, RANDALL PASS, SERKUE MA'AT, SHAWN SALMONSON, DANDAN HE, MS. STROTHER, TORREY HASKINS, J RICHARDSON, MR. MAXEY, MS. BYRAM, MRS. DAUN, LINDA GETER, and CAPTAIN TRULL, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Charles Wolfe, and inmate with the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP Marion"), commenced this action by filing a document titled "Notice of Intent to File a Civil Rights Action Claim under Bivens v. Six Unknown Federal Narcotics Agents." (Doc. 1). The document was filed as the Complaint by the Clerk of Court.

In the Notice of Intent, Wolfe states that he intends to assert claims regarding 1) the denial of medically necessary care in a timely manner, including the withholding of chronic care medical appliances; and 2) the denial of access to the courts and to his legal property. He lists 14 individuals

from three different federal correctional facilities in the case caption.

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint," not a notice of intent. *Id.*, Advisory Committee Notes, 1937 Adoption. No complaint has been filed in this case, and the Court cannot construe the "Notice of Intent" as a complaint, as there are no allegations against any of the listed Defendants or requests for relief. *See* FED. R. CIV. P. 8(a); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (merely naming a party in the caption of a complaint is not enough to state a claim against that individual). While *pro se* litigants are not held to the same standards as licensed attorneys, they are not entitled to general dispensation from the rules of procedure. *See Wicker v. Ill. Dep't of Pub. Aid,* 215 F.3d 1331 (7th Cir. 2000) (*citing Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)). For these reasons, the instant filing cannot be considered an adequate complaint, and the Notice of Intent will be stricken. *See* FED. R. CIV. P. 8.

Because there is not an operative complaint, the motions to compel are denied**.** (Doc. 9, 11, 14). The Court construes these motions as requests for emergency injunctive relief. A party seeking a temporary restraining order or preliminary injunction must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020). Further, injunctive relief "is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994).

Wolfe cannot show a reasonable likelihood of success on the merits where he has not stated

a colorable claim against any defendant. The Court also cannot assess whether the relief sought is against defendants who are parties to this case and is of the same character of the underlying suit. Thus, because there is no operative complaint, injunctive relief is not appropriate at this time.

### DISPOSITION

**IT IS THEREFORE ORDERED** that the Clerk of Court is **DIRECTED** to **STRIKE** the Complaint at Doc. 1. *See* SDIL-LR 8.1(b). If Wolfe wishes to further pursue this action, he shall file a complaint on or before **October 5, 2022**. Wolfe is advised that a successful complaint generally alleges "the who, what, when, where, and how…" *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). He should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. Furthermore, Wolfe should be aware that defendants may not be joined in a single lawsuit unless he asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. FED. R. CIV. P. 18, 20(a), *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

Failure to respond to this order by the prescribed deadline will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b), and Wolfe will remain obligated to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The motions to compel are **DENIED.** (Doc. 9, 11, 14).

The Clerk of Court is **DIRECTED** to send Wolfe a copy of the docket sheet, a Pro Se Civil Rights Complaint form, and the Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations or Other Civil Claims Filed by a Person in Custody.

Finally, Wolfe is **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to timely submit a change of address will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**   September 7, 2022

      *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**