IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES A. WOLFE, II,** <br><br> Plaintiff, <br><br> v. <br><br> **DAN SPROUL,** *et al.,* <br><br> Defendants. | Case No. 21-cv-01471-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion filed by Plaintiff Charles Wolfe. (Doc. 38). Plaintiff asks the Court to vacate the merit review order, for leave to file an amended complaint, and to stay this action. For the following reasons, the motion is denied.

Plaintiff argues that the merit review order should be vacated because he was not given prior notice and an opportunity to respond prior to the dismissal of his claims in accordance with due process. (Doc. 38, p. 6). Plaintiff also states that he should have been allowed to amend his Complaint before any claims were dismissed. Plaintiff's arguments are not well taken. The Complaint was reviewed pursuant 28 U.S.C. § 1915A. This statute establishes a "mandatory screening process," *Israel v. Cohn,* 6 F. App'x 348, 351 (7 Cir. 2001), and "does not require notice prior to dismissal." *Keller v. Trefz,* 66 F. App'x 44, (7th Cir. 2003) (citing *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir.2000); *Carr v. Dvorin,* 171 F.3d 115, 116 (2d Cir.1999)). "By its terms, it is to be applied *sua sponte…*" *Israel,* 6 F. App'x at 351. Accordingly, the Court will not vacate the merit review order.

To the extent Plaintiff is seeking leave to amend his Complaint, the request is denied as moot. Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings

once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). In all other instances, a party may amend only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). Because Defendants have not filed responsive pleadings in this case, Plaintiff is allowed to amend his Complaint as a matter of course and leave of the Court is not required at this time. The fact that the Court has dismissed some of Plaintiff's claims pursuant to Section 1915A does not prevent him from amending the Complaint. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F. 3d 1014, 1024 (7th Cir. 2013) (finding that a dismissal under "section 1915(e) should be treated like dismissals under Rule 12(b)(6)" and that plaintiffs should be afforded the same right to amend under Rule 15); *Timas v. Klaser,* 23 F. App'x 574, 578 (7th Cir. 2001) (the right to amend as a matter of course survives a grant of a motion to dismiss, which is analogous to a district court's *sua sponte* dismissal for failure to state a claim under Section 1915A). Plaintiff is advised that an amended complaint filed will be subjected to review pursuant to 28 U.S.C. § 1915A.

      Plaintiff also seeks to stay this action until he receives documents that he has requested from the government. He asserts that these documents are essential for his ability to draft an amended complaint. The Court finds that a stay is not warranted at this time. *See Clinton v. Jones,* 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need"). At the pleadings stage, the Federal Rules of Civil Procedure do not require exhibits or evidence. All that is necessary to state a successful claim is to plead "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Thus, it is not necessary for Plaintiff to conduct discovery and gather documents this early in the case or for the purposes of filing an amended complaint.

Finally, the Court notes that the motion contains several new allegations and a "declaration." To the extent Plaintiff is seeking to add factual allegations to the Complaint, the Court does not allow piecemeal amendments. Plaintiff is **ADVISED** that an amended complaint is a single document that must stand on its own without reference to any other pleading and include all claims against all defendants and his requested relief. When filing an amended complaint or any document with the Court, the document should be clearly labeled.

For the reasons state above, the motion is **DENIED.** (Doc. 38).

**IT IS SO ORDERED.**

**DATED:   July 20, 2023**

    _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**