IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES A. WOLFE, II, <br><br> Plaintiff, <br><br> v. <br><br> DAN SPROUL, *et al.*, <br><br> Defendants. | Case No. 21-cv-01471-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for stay of the proceedings, or, in the alternative for a voluntary dismissal of the case without prejudice filed by pro se Plaintiff Charles Wolfe. (Doc. 50). Plaintiff is a federal inmate within the Federal Bureau of Prisons currently being held at the Federal Medical Center in Butner, North Carolina. Plaintiff is proceeding on Eighth Amendment claims against staff at the United States Penitentiary in Marion, Illinois for deliberate indifference to his serious medical needs in violation of the Eighth Amendment pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). (*See* Doc. 32).

On August 18, 2023, Defendants Daun and Sproul filed a motion to dismiss Plaintiff's claims pursuant to the Federal Rule of Civil Procedure 12(b)(6). (Doc. 47). On September 25, 2023, Plaintiff requested additional time to file an amended complaint. (Doc. 48). Plaintiff was given until October 17, 2023, to either file an amended complaint or a response in opposition to the motion to dismiss. (Doc. 49). Plaintiff then filed the motion that is currently before the Court. (Doc. 50).

In the motion, Plaintiff states that he has been diagnosed with metastatic colon cancer and his treatments are "fluid," as surgeries and his location has not been fully determined. Plaintiff

Page 1 of 2

asks for the Court to either stay this case or allow him to voluntarily dismiss his claims since "the delays in delivery of healthcare have resulted in life-altering damages and many uncertainties." (*Id.* at p. 2). Defendants Sproul and Daun filed a response stating they do not object to a dismissal without prejudice. (Doc. 51). They argue that a dismissal without prejudice under Federal Rule of Civil Procedure 41 would be more efficient and beneficial to judicial economy, as it appears that a stay would be indefinite and result in this matter pending unresolved for an indeterminate amount of time.

The Court agrees that an indefinite stay in this matter would unduly prejudice Defendants and would not be in the interest of judicial economy. *See Walker v. Merk & Co., Inc.,* No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) ("In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties"). *See also Nken v. Holder,* 556 U.S. 418, 443 (2009)) ("[a] stay is not a matter of right, even if irreparable injury might otherwise result"). Plaintiff filed his case almost two years ago, and it still has not reached discovery on the merits. Given that there is no certainty on when Plaintiff will be able to litigate this case given his cancer diagnosis and Defendants do not oppose dismissal, dismissal without prejudice is appropriate. *See* FED. R. CIV. P. 41(a)(2).

Accordingly, the Court **GRANTS in part** the motion for stay of proceedings or, in the alternative, for a voluntary dismissal without prejudice. The Court **DISMISSES without prejudice** Plaintiff's cause of action. All pending motions are **DENIED as moot**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:   October 31, 2023**

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**